IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
OKLAHOMA CITY DIVISION



FILED

JUN 7 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

RICHARD D. MONTGOMERY, §
  §
　　Plaintiff, §
　　 §
vs. § Case No. CIV-13-583-L
　　 §
DEPARTMENT OF DEFENSE, §
UNITED STATES OF AMERICA, §
　　 §
　　Defendants. §

VERIFIED COMPLAINT

COMES NOW Richard D. Montgomery, Plaintiff, pro se, and for cause of action against Defendants, alleges and states as follows:

1). Plaintiff is a citizen and former employee of the United States Department of Defense at Tinker Air Force Base in Oklahoma City, Oklahoma 73145, whose personal permanent address is 644 S.W. 161st Street, Oklahoma City, Oklahoma 73170-7622.

2). That the Department of Defense is a Federal Agency and Department within the Executive Branch of the United States Government.

3). That the U.S. District Court has jurisdiction to decide this case pursuant to 5 U.S.C. § 8331 et seq., the Uniform Retirement Date Act, 46 Stat. 253, 5 U.S.C. § 8333, 5 U.S.C. § 8336, 28 U.S.C. § 1295, 5 C.F.R. § 1201, 5 U.S.C. § 8347, 5 U.S.C. § 8461, as this case involves statutory and due process considerations stemming from an involuntary and coerced resignation and separation from employment, a prohibited personnel practice.

4). That Plaintiff was advised on or about June 18, 2007 by his employer's representative Debi Welch (see Exhibit A), that he had only two (2) choices, that of resignation or involuntary termination of employment.

5). That the Government Agent failed at any time, even though she was perfectly aware of his location and whereabouts at the Tulsa County jail, to advise Plaintiff of his rights and remedies with respect to termination and retirement options and potential claims for lump sum and/or monthly annuity options.

6). Thus, Plaintiff as a federal employee was UNAWARE of the proper procedures to follow and was prejudiced by his employer's (Department of Defense) failure to comply with these requirements.

7). Plaintiff's decision to sign a resignation statement without adequate or any counseling as to his retirement options was effectively made with "blinders on" and was the product of a lack of information and thus is not binding upon Plaintiff as a matter of fundamental fairness and due process.

8). Pursuant to 5 C.F.R. § 1201.56(a) Plaintiff objectively establishes the involuntariness of his resignation on the basis of coercion because the Agency (Department of Defense) effectively imposed the terms of the employee's resignation without advising him of his retirement rights and alternatives thus, Plaintiff had no realistic alternative but to resign or be fired, and the employee's resignation was the result of improper acts by the Agency in failing to counsel him as to his retirement options.

9). Plaintiff as a federal employee was UNAWARE of the proper procedures to follow due to his employer's failure to inform him sufficiently of his rights and remedies, and thus may not be prejudiced by the Defendant Department of Defense employer's failure to comply with these requirements.

10). Even though the Agency's representative knew full well Plaintiff's <u>exact</u> location during the time period the resignation was demanded, the Agency failed to send to Plaintiff at his place of confinement (Tulsa County jail) any such notification to the employee who was entitled to have his resignation reviewed and appealed by the appropriate office and reviewing authority as to the time limits and as to where the employee could have obtained information as to how to pursue an appeal. 5 C.F.R. § 752.

11). Further, when as here, the employee Plaintiff naturally relied on the misinformation and effective lack of information from the Government Agent, his resignation is considered involuntary and non-binding.

12). That Plaintiff was substantially mislead by Defendants as to his resignation, retirement, and appeal right and thus was denied through lack of information his right to appeal to the Merit Systems Protection Board concerning the facts and circumstances of his resignation and retirement; further, by failing to counsel him, Plaintiff was denied his right to an evidentiary hearing on the merits of the removal action under 5 U.S.C. §§ 7512 and 7701.

13). Compounding Defendant's failure to counsel Plaintiff either verbally or in writing as to his retirement, termination and his right to appeal this involuntary adverse employment action, was the egregious tactic by Defendant's employer in using and subjecting Plaintiff to "time pressure" to reach a quick decision to resign.

14). That Plaintiff's allegations as to the involuntariness of his resignation are non-frivolous and he is entitled to a hearing in regard to his termination because the Merit System Protection Board, or any Federal Agency for that matter, ever gave Plaintiff adequate notice as to how to respond to the Defendants' tactic of forced resignation.

15). That Defendants' counselor never advised Plaintiff as to his resignation and retirement appeal rights and thus Plaintiff logically and reasonably relied in good faith that such alternatives were not available to him.

16). That an examination of the surrounding circumstances of this case demonstrates beyond doubt that Plaintiff was denied the opportunity to exercise free choice as to his resignation, retirement and appeal rights.

17). That Plaintiff was irrevocably damaged by the Department of Defense actions and inactions in this case in the amount of $2,000,000.00.

WHEREFORE, Plaintiff moves the Court to enter judgment against Defendants in favor of Plaintiff in the amount of $2,000,000.00 or in the alternative to order the Department of Defense to allow the filing of an unopposed appeal before the Merit System Protection Board with respect to the issue of Plaintiff's right to receive full retirement annuity payments and benefits from the United States and the Department of Defense, costs to Defendants'.

Respectfully submitted,

Richard D. Montgomery
644 S.W. 161st Street
Oklahoma City, OK   73170-7622

AFFIRMATION

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on June 4, 2013.

Richard D. Montgomery