IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD D. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-13-583-C |
| ) | |
| DEPARTMENT OF DEFENSE, ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF DISMISSAL

Plaintiff Richard Montgomery, proceeding pro se, filed the present action on June 7, 2013, alleging that Defendants forced Plaintiff to resign and failed to inform him of his rights regarding appealing his termination and his retirement. Defendants now move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Because Plaintiff's suit is against the United States government, which has sovereign immunity, Plaintiff must prove that the government "'unequivocally express[ed] in statutory text its intention to waive the United States' sovereign immunity.'" Rockefeller v. Bingaman, 234 F. App'x 852, 855 (10th Cir. 2007) (quoting In re Talbot, 124 F.3d 1201, 1206 (10th Cir. 1997)). United States v. Testan, 424 U.S. 392 (1976). The government's waiver of sovereign immunity must be specific, not general. See Trackwell v. U.S. Gov't, 472 F.3d 1242, 1244 (10th Cir. 2007).

Plaintiff invokes a number of statutes and regulations to support his claim of subject matter jurisdiction, including 28 U.S.C §§ 1295 and 5 U.S.C. §§ 8331, 8333, 8336, 8347, and

8461.[1]  None of these statutes contains an express waiver of the government's sovereign immunity.  28 U.S.C. § 1295 established the jurisdiction of the United States Court of Appeals for the Federal Circuit; it does not provide a waiver of sovereign immunity governing Plaintiff's suit in this Court.  The next cited section, 5 U.S.C. § 8331, provides a list of definitions, not a cause of action or waiver of immunity.  The other sections likewise fail to create a right to sue:  § 8333 explains the requirements for employee annuity eligibility; § 8336 establishes the years of service or age requirements for retirement; § 8347 provides for the administration and regulation of the retirement system; and § 8461 sets out the authority and duties of the Office of Personnel Management.  None of the statutes cited by Plaintiff in his Verified Complaint waive the United States' sovereign immunity and confer subject matter jurisdiction on this Court.[2]

---

[1] In his Verified Complaint (Dkt. No. 1), Plaintiff also includes 5 C.F.R. § 1201 in his jurisdictional statement.  However, "[o]nly a statute may confer jurisdiction; a regulation is ineffective because it does not reflect congressional authority."  Myers v. United States, Case No. CIV.A. 12-4005-KHV, 2013 WL 5596813, at *6 (D. Kan. Oct. 11, 2013) (citing Kontrick v. Ryan, 540 U.S. 443, 452-53 (2004)); see also Adams v. Califano, 450 F.Supp. 544, 545 (E.D. Okla. 1978) ("Regulations set out in the Code of Federal Regulations are intended to provide codified rules for the executive departments and agencies of the federal government; while the regulations are judicially noticeable, they do not constitute a basis for conferring subject matter jurisdiction on this court.").

[2] Although Defendant maintains "[t]he jurisdictional statute in his Verified Complaint is sufficient to raise the necessary claim," he asserts that he has filed a separate Motion to Amend out of "an abundance of caution" to add 28 U.S.C. §§ 1331 and 1332 "as the necessary jurisdictional prerequisites."  (Pl.'s Resp., Dkt. No. 16, at 2.)  Plaintiff does not even attempt to argue the relevance of § 1332, the diversity jurisdiction statute. With respect to § 1331, Plaintiff contends that the general federal question provision confers jurisdiction on this Court to hear the merits of his case because § 1331 confers "original jurisdiction of all civil actions arising out of the Constitution, laws or treaties of the United States" and "[t]his litigation concerns the applicability of the Civil Service Reform Act of 1978," a federal law.  (Id. at 1.)  However, courts in this Circuit have repeatedly acknowledged that a general jurisdictional statute like § 1331 does not give the Court subject matter

Moreover, the Court lacks subject matter jurisdiction for an additional reason: Plaintiff has failed to exhaust his administrative remedies under the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101 et seq., which "establishes a framework for evaluating personnel actions taken against federal employees." Kloeckner v. Solis, ___ U.S. ___, 133 S.Ct. 596, 600 (2012). The CSRA gives a terminated employee the "right to appeal the agency's decision to the [Merit Systems Protection Board], an independent adjudicator of federal employment disputes." Id. (citing 5 U.S.C. §§ 1204, 7512, 7701). However, as a comprehensive system, "[t]he CSRA . . . preempts other federal and state claims complaining of prohibited employment practices and precludes claims asserted directly under the Constitution." Pretlow v. Garrison, 420 F. App'x 798, 801 (10th Cir. 2011). Thus, a discharged federal employee "must look solely to the remedy provided in the CSRA," which requires Plaintiff to "plead or otherwise show that he exhausted his [administrative] remedies under the CSRA" before bringing suit in district court. Id. at 802-03. Plaintiff's failure to exhaust precludes judicial review of his allegations of improper termination.

Accordingly, Defendants' Motion to Dismiss (Dkt. No. 15) is hereby GRANTED and Plaintiff's Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. Because Plaintiff's proposed amendment would be futile, given his failure to allege a waiver of Defendants' sovereign immunity or his own exhaustion of the

---

jurisdiction over a suit against the United States government because § 1331 does not waive the United States' sovereign immunity. Trackwell, 472 F.3d at 1244; Neighbors for Rational Dev., Inc. v. Norton, 379 F.3d 956, 960-61 (10th Cir. 2004) (overruled on other grounds); Myers, 2013 WL 5596813 at *6; Smith v. Krieger, 643 F. Supp. 2d 1274, 1281 (D. Colo. 2009).

administrative remedies provided by the CSRA, his Motion to Amend (Dkt. No. 17) is DENIED.

    IT IS SO ORDERED this 18th day of October, 2013.

_____
ROBIN J. CAUTHRON
United States District Judge